IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| WALTER KELLY COOK, (TDCJ-CID #1716420) Petitioner, VS. WILLIAM STEPHENS, Respondent. | § § § § § § § § § § § § § CIVIL ACTION NO. H-15-1141 |

## MEMORANDUM AND OPINION

Petitioner, Walter Kelly Cook, seeks habeas corpus relief under 28 U.S.C. § 2254, challenging a disciplinary conviction at the Pack I Unit of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"). He is currently serving a sentence imposed by a Texas state court.

The threshold issue is whether Kelly has stated meritorious grounds for federal habeas relief. This court finds that he has not, and this petition should be dismissed.

**I.   Background**

On May 9, 2014, prison officials at the Pack I Unit conducted a disciplinary hearing in disciplinary case 20140255357. The hearing officer found Kelly guilty of failure to provide a urine specimen within two hours. (Docket Entry No. 1, Federal Petition, p. 5). Kelly's punishment consisted of a loss of commissary privileges for thirty days; loss of recreation privileges for thirty days; suspension of contact visits through July 30, 2014; reduction in good time earning class status from State Approved Trusty ("SAT") 4 to Line 1; and a loss of ten days good time credits.

On April 30, 2015, this court received Kelly's federal petition. Kelly contends that his conviction in disciplinary case 20140255357 is void. (Docket Entry No. 1, Petition for Writ of Habeas Corpus, pp. 6-7).

**II.   Analysis**

A district court may examine habeas petitions before an answer or other responsive pleading is filed. *Kiser v. Johnson,* 163 F.3d 326, 328 (5th Cir. 1999). Such a review is based on "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." 28 U.S.C. § 2254, Rule 4, Advisory Committee Notes.

Procedural protections in the context of prison discipline is not the same as due process in the criminal law context because "[p]rison discipline proceedings are not a part of a criminal prosecution, and the full panoply of rights due a criminal defendant does not apply." *Wolff v. McDonnell,* 418 U.S. 539, 556 (1974). The Supreme Court has historically held that the Due Process Clause is applicable to disciplinary proceedings where a prisoner is threatened with a loss of good-time or the imposition of solitary confinement. *Id.* The Court held that inmates must be afforded written notice of the claimed violation at least twenty-four hours before a disciplinary hearing, a written statement of the fact finders as to the evidence relied on and reasons, and the right to call witnesses and present documentary evidence where such would not be unduly hazardous to institutional safety or correctional goals.

The Supreme Court subsequently limited challenges to disciplinary cases in *Sandin v. Conner,* 515 U.S. 472 (1995). The Court referred to its discussion in *Wolff v. McDonnell,* regarding solitary confinement as "dicta." *Id.* The Supreme Court went on to hold that when discipline, even

segregated confinement, did not "present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest," there was no "protected liberty interest" that would entitle the inmate to the procedural protections set forth in *Wolff. Id.* at 486.

The Fifth Circuit has applied *Sandin* to a number of situations. Punishment consisting of placement in administrative segregation or the loss of the opportunity to earn good-time is not enough to trigger the protection of the Constitution. *Luken v. Scott,* 71 F.3d 192 (5th Cir. 1995). The loss of the opportunity to earn good-time will not trigger the protection of the Constitution even when an inmate is eligible for mandatory supervision. *Malchi v. Thaler,* 211 F.3d 953 (5th Cir. 2000). The imposition of commissary and cell restrictions likewise will not trigger the protection of the Constitution. *Madison v. Parker,* 104 F.3d 765, 768 (5th Cir. 1997). The loss of good-time will not support relief to the extent that it adversely affects parole eligibility. *Sandin,* 515 U.S. at 487. However, the loss of good-time will trigger the protection of the Constitution if, and only if, a prisoner is eligible for release on mandatory supervision. *Madison v. Parker,* 104 F.3d at 769.

Kelly's punishment consisted of a loss of privileges. The restrictions on Kelly's privileges are merely changes in the conditions of his confinement, which do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). They are not penalties that would be considered "the type of atypical, significant deprivation" that would be actionable. *Id. See also Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000); *Pichardo v. Kinker*, 73 F.3d 612, 612-13 (5th Cir. 1996). The loss of the opportunity to earn good-time as a result of the reduction in good-time earning class status is not enough to trigger the protection of the Constitution.

Kelly also lost good-time credits. The court will consider whether Kelly's disciplinary hearing satisfied the *Wolff* due process requirements. The hearing record shows that on May 7, 2014,

Officer Pinon charged Kelly with failure to provide a urine specimen within two hours of an order. (Docket Entry No. 1, Federal Petition, p. 16). Kelly received notification of the charge on May 7, 2014 at 8:16 a.m. *Id.* at 1. Kelly elected to have a counsel substitute represent him. *Id.* at 1.

The disciplinary hearing officer conducted the disciplinary hearing on May 9, 2014. *Id.* at 1. Counsel substitute represented Kelly at the hearing. Kelly was present during the entire hearing. *Id.* at 1. In finding Kelly guilty of the charged offense, the disciplinary hearing officer considered the charging officer's report and the offender's statement. The disciplinary hearing officer imposed the punishment to serve as a deterrent. *Id.* at 1. Kelly signed the disciplinary hearing report acknowledging that he had received a copy of the final report.

Kelly had notice of the charges and the opportunity to make a statement at the hearing. Nothing in the hearing record indicates that Kelly was precluded from presenting documentary evidence or calling witnesses. The record reflects that counsel substitute investigated and presented the results of that investigation in the disciplinary hearing. Kelly received a written statement by the fact finder of the evidence and the reason for the disciplinary action. Kelly has not shown a due process violation that would support the relief he seeks. *See Wolff,* 418 U.S. at 563-66. His claim is without merit.

Kelly's federal petition does not present grounds warranting habeas relief.

### III. Conclusion

Kelly's challenges to his disciplinary conviction lack merit. This case is dismissed. Any remaining pending motions are DENIED as moot.

The showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000)(citing *Slack*

*v. McDaniel*, 529 U.S. 473, 483-84 (2000)). An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. *See Finley v. Johnson,* 243 F.3d 2150, 218 (5th Cir. 2001).

Where a district court has rejected a prisoner's constitutional claims on the merits, the applicant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack,* 529 U.S. 484. This court will not issue a COA because Kelly has not made the necessary showing.

SIGNED at Houston, Texas, on June 2, 2015.

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE